# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  EDCV 18-2574 AB (SS)  Date: July 5, 2019
  Page 1 of 3

Title:  Lordell Jones v. Jeffrey Haga, et al.

DOCKET ENTRY: **ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED FOR FAILURE TO PROSECUTE AND OBEY COURT ORDERS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)**

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Marlene Ramirez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF:  ATTORNEYS PRESENT FOR DEFENDANTS:

None Present   None Present

**PROCEEDINGS: (IN CHAMBERS)**

On December 6, 2018, Plaintiff Lordell Jones, a California state prisoner proceeding pro se, filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). (Dkt. No. 1). In the Complaint, Plaintiff alleges that from July 2018 to the date of filing, employees at the West Valley Detention Center ("WVDC") in San Bernardino County failed to provide him with adequate medical care.[1] While the Complaint names as Defendants San Bernardino County and Jeffrey Haga, WVDC's Chief Medical Examiner, there are no specific allegations directed to Dr. Haga. (Complaint at 3). Instead, the Complaint's primary focus appears to be on the allegedly deficient care Plaintiff received from an unknown number of Doe Defendants. (Id. at 9).

---

[1] On June 26, 2019, Plaintiff filed a Notice of Change of Address indicating that he is now housed at North Kern State Prison in Delano, California. (Dkt. No. 14).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.      EDCV 18-2574 AB (SS) | Date: July 5, 2019 |
| | Page 2 of 3 |

Title:       Lordell Jones v. Jeffrey Haga, et al.

Because the United States Marshals Service cannot serve unknown Defendants, on January 25, 2019, the Court issued an Order authorizing Plaintiff to conduct early discovery to learn the identity of the Doe Defendants. ("Order," Dkt. No. 9). Pursuant to the Order, Plaintiff was required to propound written discovery on the WVDC within fourteen days of the Court's Order. Additionally, Plaintiff was ordered to file, within forty-five days of serving the discovery, either: (1) a First Amended Complaint identifying by name the Doe Defendants in the original Complaint, if no Defendant had yet appeared in the case; (2) a Motion for Leave to File a First Amended Complaint, attaching as an exhibit to the motion a copy of the proposed First Amended Complaint, if any Defendant had appeared;[2] or (3) if Plaintiff did not receive an adequate response to his discovery, a Status Report affirming that Plaintiff had served discovery, but did not receive a response or the response did not identify the Doe Defendants. (Id. at 3). Plaintiff was further ordered to attach to the Status Report copies of his written discovery request and the response received, if any, as evidence of his efforts to comply with the Court's Order to propound discovery and to amend the Complaint, if possible, depending on the response received. (Id.).

In sum, the Court's Order required Plaintiff to serve written discovery on the WVDC no later than February 8, 2019, and to file either a First Amended Complaint, a Motion for Leave to File a First Amended Complaint, or a Status Report attaching a copy of the discovery served and any response received, by March 25, 2019. As of today, however, Plaintiff has not filed any one of these documents, even though more than three months have passed since the Court's deadline expired.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE, within fourteen (14) days of the date of this Order, why the Magistrate Judge should not recommend that this action be dismissed with prejudice for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff may discharge this Order by filing (1) a First Amended Complaint, identifying by name the Doe Defendants in the original Complaint; (2) a Motion for Leave to File a First Amended Complaint, attaching a copy of

---

[2] To date, the Court has not yet ordered service of the Complaint on any Defendant and no Defendant has appeared.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   EDCV 18-2574 AB (SS) | Date: July 5, 2019 |
| | Page 3 of 3 |

Title:   Lordell Jones v. Jeffrey Haga, et al.

the proposed First Amended Complaint as an exhibit to the Motion; (3) a Status Report stating when Plaintiff served discovery and whether an adequate response was received, and attaching as exhibits copies of the written discovery served and the response received, if any; or (4) a declaration under penalty of perjury stating why he is unable to comply with options 1, 2 or 3.

**Plaintiff is expressly warned that the failure to timely file one of the four documents listed above by the Court's deadline will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b).** See Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 891 (9th Cir. 2019) ("'The failure of the plaintiff eventually to respond to the court's ultimatum . . . is properly met with the sanction of a Rule 41(b) dismissal.'") (emphasis omitted; quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004)).

**Alternatively, if Plaintiff no longer wishes to pursue his claims, he may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Plaintiff's convenience.**

The Clerk of the Court is directed to serve a copy of this Order upon Plaintiff at his address of record.

IT IS SO ORDERED.